```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROGER JEFFERSON,                                                 :
                                                                 :
                         Petitioner,                             :
                                                                 :       MEMORANDUM AND
         -against-                                               :       ORDER
                                                                 :
DARWIN LACLAIR, Superintendent, Franklin                         :       09-CV-2782
Correctional Facility, and ANDREW CUOMO,                         :       (Kuntz, J.)
Attorney General of New York,                                    :
                                                                 :
                         Respondents.                            :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**

Before the Court is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Roger Jefferson ("Petitioner"). After a jury trial in New York State Supreme Court, Richmond County, Petitioner was convicted of Criminal Possession of a Weapon in the Third Degree and Criminal Trespass in the Third Degree. After exhausting his state court remedies, Petitioner brought this action in the Eastern District of New York on June 30, 2009. The Court referred the petition to Chief Magistrate Judge Steven Gold on March 12, 2013 and received a Report and Recommendation on May 8, 2013. After *de novo* review, the Report and Recommendation is adopted in its entirety and the petition for the writ of habeas corpus is denied.

## I.    LEGAL STANDARD

To the extent a party makes specific and timely written objections to a magistrate judge's Report and Recommendation, the district court must review *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1) (C); *see also* Fed. R. Civ. P. 72(b)(3). A proper objection requires reference to a specific portion of the Report and Recommendation. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (Seybert, J.) (quoting *Barratt v. Joie*, No. 96–CV–324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). If a party "makes only

conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Barratt,* 2002 WL 335014, at *1 (Swain, J.) (citations omitted). Furthermore, even during *de novo* review, the Court will "ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (Vitaliano, J.) (citation and internal quotation marks omitted). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to apply a "highly deferential standard" when conducting habeas corpus review of state court decisions. *Renico v. Lett,* 559 U.S. 766, 773 (2010). A petitioner is entitled to habeas corpus relief if he can show the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor,* 529 U.S. 362, 410 (2000) (opinion of Stevens, J.) (emphasis in original). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the state court's application of federal constitutional principles must be "objectively unreasonable" to

warrant issuance of the writ. *Id.* at 409. "This distinction creates a substantially higher threshold for obtaining relief than *de novo* review." *Renico*, 559 at 773 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). As the federal habeas court, we review the Appellate Division, Second Department's decision denying Petitioner's claims of constitutional error in light of these principles.

## II. APPLICATION

The relevant factual and procedural background of this case is set forth in the Report and Recommendation of Chief Magistrate Judge Gold ("the Report"). (Dkt. No. 18, Report & Recommendation ("R&R") (May 8, 2013).) In his objections to the Report, (Dkt. No. 20, Objection to Report and Recommendation ("Pet.'s Obj.") (June 26, 2013)), Petitioner argues that:

- the Report is based on a fundamental misreading of controlling case law and the record, which demonstrate that Petitioner was "compelled" to wear a prejudicial prison jumpsuit on the first day of jury selection, (Pet.'s Obj. at 14-17);

- the Report erroneously found that any compulsion was nonetheless harmless error, (Pet.'s Obj. at 18-22);

- the Report should have concluded that defense counsel's failure to object to Petitioner's prison garb until the conclusion of the first day of jury selection was objectively unreasonable under prevailing criminal defense norms, (Pet.'s Obj. at 22-24); and

- the Report erroneously found that any potential ineffective assistance by defense counsel was not prejudicial to the defendant, (Pet.'s Obj. at 25).

### *Petitioner Was Not Compelled to Wear His Prison Uniform*

Petitioner's first objection is based on a fundamental misreading of controlling case law. Petitioner contends that he was "compelled" to wear his prison garb on the first day of jury selection because he requested to wear his civilian clothing prior to the commencement of the trial and the Department of Corrections denied this request. (Pet.'s Obj. at 15-16.) According to Petitioner's reading of *Estelle v. Williams*, 425 U.S. 501 (1976), the compulsion requirement is satisfied any time that the defendant objects to the State's conduct prior to or during trial. (Pet.'s Obj. at 16.)

The case law does not support Petitioner's argument. "[T]he failure to make an objection *to the court* as to being tried in [identifiable prison] clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle*, 425 U.S. at 512-13 (emphasis added). The Court's opinion in *Estelle* is clear that in order to establish compulsion, the defendant or his counsel must make an objection "to the trial judge." *Id.* at 509-10. In *Estelle*, the Defendant "raised the question [of wearing prison garb] with the jail attendant prior to trial" but it was the failure to raise his objection with the trial court that nullified compulsion. *Id.* at 510. In fact, the general practice of the trial court in *Estelle* was to have criminal defendants tried in prison garments, unless the defendant or his counsel objected *to the trial judge. Id.* at 510. Additionally, the Court clarified that there is no burden on the trial judge to inquire whether the defendant wants to proceed in prison clothing when there is no objection made to the court. *Id.* at 512.

*Estelle* dictates the same result here. Despite Petitioner's allegation that he objected to the Department of Corrections' insistence that he wear the prison-issued jump suit, (Pet.'s Obj. at 16-17), the first objection *to the trial court* was not made until the conclusion of the first day of jury

selection, (Pet.'s Obj. at 17). *Cf. United States v. Hurtado*, 47 F.3d 577, 581 (2d Cir. 1995) (finding compulsion when counsel objected to the trial judge concerning his client's prison attire, but the court nonetheless continued with jury selection). After that objection was raised, Petitioner was permitted to appear in civilian clothing for the remainder of jury selection and the entire trial. Therefore, Petitioner was never compelled to wear his prison uniform under the *Estelle* standard, and Magistrate Judge Gold's holding on compulsion is adopted by the Court. As there was no infringement on Petitioner's right to fair trial, the question of whether Petitioner was prejudiced is irrelevant at this juncture.

### *Petitioner Suffered No Prejudice Because Of Counsel's Failure to Object*

On the question of whether Petitioner's counsel's performance was deficient because he failed to object to Petitioner's prison attire until the conclusion of the first day of jury selection, the Report concluded that the issue "presents a close question." (R&R at 20.) The Report went on to evaluate whether the attorney's failure to object was prejudicial to Petitioner. (R&R at 20); *see Strickland v. Washington*, 466 U.S. 668, 697 (1984) (permitting courts to address the question of prejudice first). The Report concluded that because of the repeated references to Jefferson's present incarceration, the strength of the government's case, the inconsistencies between Jefferson's trial and grand jury testimony, and that Jefferson only appeared before the jury in prison garb for one day, he was not prejudiced by his counsel's failure to object. (R&R at 20.) "The prevalence of the references to incarceration in the trial transcript demonstrates that, even if the jurors identified Jefferson's jumpsuit as prison clothing, and even if they remembered that jumpsuit during their deliberations, [P]etitioner would not have been prejudiced because the jurors would have known he was incarcerated by virtue of his own testimony." (R&R at 17.)

The most potent objection raised by Petitioner is that subsequent references by a defendant to his current incarceration cannot weigh in the prejudice analysis because the impetus for those admissions may have been the original, unlawful appearance in a prison uniform. (Pet.'s Obj. at 20-21, 25) (citing *Gaito v. Brierley*, 485 F.2d 86, 88-90 (3d Cir. 1973)). In *Gaito*, the Court of Appeals for the Third Circuit held that there is "no way to know why" a defendant testified about his current incarceration after the jury has already seen him in a prison uniform. 485 F.2d at 90. As the defendant may find no advantage in concealing his incarceration in light of the jury's prior observations, the *Gaito* court found subsequent references by a prisoner to his own incarceration were unpersuasive in the harmless error analysis. *Id.*

Nonetheless, Petitioner's reliance on *Gaito* fails here for a number of reasons. First, in the forty years since *Gaito*, the Court of Appeals for the Second Circuit has not adopted this analysis and the Third Circuit's opinion is not binding on this Court. Secondly, Petitioner's references to his own incarceration reflect no strategic attempt to mitigate the jury's prior observation and were made fleetingly, unnecessarily, and often unprompted during cross-examination. (R&R at 16-17.) Lastly, the trial transcript also included frequent references to the Petitioner's prior arrest, conviction for two felonies, and time in prison, often in response to defense counsel's questioning. (R&R at 17) (with citations to the trial record). Petitioner's testimony regarding his prior convictions and jail time further diminish the likelihood of a strategic basis for the post-objection references to his current incarceration.

Even without consideration of the incarceration testimony, Petitioner has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Petitioner's primary

defense at trial was that he was framed by the police, but the persuasiveness of this defense was substantially undermined by the inconsistencies between Petitioner's grand jury and trial testimony. (R&R at 20.) Petitioner's defense was confronted with the generally consistent and credible testimony of three police officers about Petitioner's possession and disposal of a gun. (R&R at 17, 20.) It was not counsel's delayed objection that led to Petitioner's conviction, it was the Petitioner's inconsistent testimony that made his "framing" defense so unbelievable to the jury. The contrast in the quality and consistency of testimony during the trial weighs "heavily against the notion that Jefferson was prejudiced by wearing prison garb on the first day of jury selection." (R&R at 20.)

Moreover, "the length of time [a defendant was in prison attire] is a factor to be considered" when evaluating prejudice. *Hurtado*, 47 F.3d at 582 (finding one day of trial in prison garb was non-prejudicial in light of the evidence of defendant's guilt). Here, Petitioner was only in his prison attire for one day of jury selection. (R&R at 4.) While time is not dispositive, this factor, coupled with the weight of the evidence against the defendant, further demonstrates that Petitioner cannot establish a reasonable probability of acquittal were it not for his initial appearance in the prison jumpsuit.

These considerations are taken in light of AEDPA's mandate imposing a "highly deferential standard for evaluating state-court rulings and demand[ing] that state-court decisions be given the benefit of the doubt." *Renico*, 559 U.S. at 773 (internal quotations and citations omitted). Under this guiding standard and our analysis of the record, it cannot be said that the Appellate Division, Second Department's holding that Petitioner was "not denied the effective assistance of counsel" was an unreasonable application of federal law. (R&R at 9.) The Court rejects Petitioner's objections to the Report and adopts Chief Magistrate Judge Gold's holding

that the Petitioner was not prejudiced by his attorney's failure to object prior to the end of the first day of jury selection.

### III.   CONCLUSION

For the reasons set forth above, the Petitioner's objections are overruled and the Report and Recommendation of Chief Magistrate Judge Gold is adopted in its entirety as the opinion of this Court. Accordingly, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is DENIED. Because Petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253.

**SO ORDERED**

s/WFK

_____
HON. WILLIAM F. KUNTZ, II

Dated: Brooklyn, New York
       March 5, 2014